UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br>CDCR #BK-5581,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>L. TERRONEZ, Correctional Officer,<br>　　　　　　　　　　Defendant. | Case No.: 23-CV-1403 JLS (DEB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DIRECTING U.S. MARSHALS SERVICE TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FEDERAL RULE OF CIVIL PROCEDURE 4(c)(3)** |

Plaintiff Justin Salmen ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Plaintiff claims that, while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendant RJD Correctional Officer L. Terronez ("Defendant Terronez") forced him to sit on a metal bench in the sun, resulting in a second-degree sunburn which became infected. *See id*. at 8–10.

/ / /

Plaintiff has not paid the civil filing fee but has instead filed a Motion to Proceed *in Forma Pauperis* ("IFP"). *See* ECF No. 2 ("IFP Mot.").

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("28 U.S.C. § 1915(a) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status.").

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The plaintiff remains obligated to pay the entire fee in monthly installments, regardless of whether the action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, which indicates that, during the six months prior to filing suit, Plaintiff had an average monthly balance of $8.50, average monthly deposits of $10.33, and an available balance of $2.00 in his account at the time he filed suit. ECF No. 4 at 1. The Court therefore **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose the $2.07 initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1), because the prison certificate indicates Plaintiff may have no means to pay it. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Plaintiff remains obligated to pay the entire fee in monthly installments.

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2) & 1915A(B)**

**I.    Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must dismiss *sua sponte* a prisoner's IFP complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from immune defendants. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the

context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Section 1983 of title 42 of the United States Code "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II. Plaintiff's Allegations

Plaintiff alleges that, on May 21, 2023, Defendant RJD Correctional Officer L. Terronez ordered Plaintiff "to sit on a dirty metal bench with bird feces all over it directly in the sun with no shade . . . and forced [him] to sit on that specific bench to sun burn [him]." Compl. at 3. When Plaintiff asked Defendant "if she was ordering me to just sit in the sun and burn up her exact response was 'pretty much.'" *Id*. Plaintiff states:

> I was left in the direct sun where I received not only sunburn but skin infection on an estimated 5 inches of my left arm where the doctors first ordered 'silver sulphadiazine' for a second[-]degree resulting burn and 8 days later had to take antibiotics for resulting infections on the burns.

*Id*. He claims a violation of his right to be free from cruel and unusual punishment. *Id*.

## III. Discussion

The Cruel and Unusual Punishments Clause of the Eighth Amendment of the U.S. Constitution forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[A] prison official violates the Eighth

Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the plaintiff must allege that the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if she "knows of and disregards an excessive risk to inmate health and safety;" she "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Id.* at 837.

Here, Plaintiff has plausibly alleged the objective component of an Eighth Amendment violation. *See McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need" within the meaning of the Eighth Amendment.), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Plaintiff also has plausibly alleged that Defendant Terronez, by responding "pretty much" when Plaintiff asked her "if she was ordering me to just sit in the sun and burn up," was aware of and deliberately disregarded a substantial risk to Plaintiff's health. *Farmer*, 511 U.S. at 837. Plaintiff's allegations are thus sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to stating an Eighth Amendment claim against Defendant Terronez. *Wilhelm*, 680 F.3d at 1123.

Accordingly, Plaintiff is entitled to have the U.S. Marshals Service effect service of the summons and Complaint against Defendant Terronez. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Nevertheless, the Court cautions Plaintiff that the *sua*

*sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant[s] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION AND ORDERS

Accordingly, good cause appearing, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

(2) **DIRECTS** the Secretary of CDCR or his designee, pursuant to 28 U.S.C. § 1915(b)(2), to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10;

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

(4) **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Complaint (ECF No. 1) for Defendant Terronez and forward it to Plaintiff along with a blank U.S. Marshal Form 285 ("USM Form 285"). The Clerk of the Court will provide Plaintiff with certified copies of the Complaint and summons for use in serving Defendant Terronez. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to Civil Local Rule 4.1(c), and return the USM Form 285 to the U.S. Marshals Service according to the instructions the Clerk of the Court provides in the letter accompanying the IFP Package;

(5) **ORDERS** the U.S. Marshals Service to serve a copy of the Complaint and summons upon Defendant Terronez as directed by Plaintiff on USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

/ / /

(6)     **ORDERS** Defendant Terronez, once served, to reply to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (providing that, while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening, they are required to respond); and

(7)     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshals Service, to serve upon Defendant Terronez—or, if appearance has been entered by counsel, upon Defendant Terronez's counsel—a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must include with every original document sought to be filed with the Clerk of the Court (1) a certificate stating the manner in which a true and correct copy of that document has been served on Defendant Terronez or her counsel, and (2) the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court that has not been properly filed with the Clerk of the Court or which fails to include a certificate of service upon Defendant Terronez, or her counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  August 8, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge