1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10
11   JUSTIN SALMEN,                      Case No.:  23-CV-1403 JLS (DEB)
12                          Plaintiff,
                                          **ORDER (1) ADOPTING REPORT**
13   v.                                   **AND RECOMMENDATION ON**
                                          **DEFENDANT'S MOTION TO**
14                                        **DISMISS; (2) GRANTING THE**
                                          **PARTIES' REQUESTS FOR**
15   L. TERRONEZ,                         **JUDICIAL NOTICE; AND**
                                          **(3) GRANTING IN PART AND**
16                          Defendant.    **DENYING IN PART DEFENDANT'S**
                                          **MOTION**
17
18
19                                        (ECF Nos. 8, 8-2, 11, 14)
20

21          Presently before the Court are Defendant L. Terronez's Motion to Dismiss Plaintiff's

22   Complaint ("Mot.," ECF No. 8) and her supporting Memorandum of Points and

23   Authorities ("Mem.," ECF No. 8-1).  Plaintiff Justin Salmen filed an Opposition to the

24   Motion ("Opp'n," ECF No. 10), and Defendant submitted a Reply ("Reply," ECF No. 12).

25   Additionally, both Parties submitted Requests for Judicial Notice ("Def.'s RJN," ECF

26   No. 8-2) ("Pl.'s RJN," ECF No. 11), and Defendant filed Objections to Plaintiff's Request

27   ("Def.'s Objs.," ECF No. 13).  Magistrate Judge Daniel E. Butcher has issued a Report and

28   Recommendation ("R&R," ECF No. 14) advising the Court to grant the Requests for

1

1  Judicial Notice and to grant in part and deny in part Defendant's Motion.  Neither Party

2  filed objections to the R&R.

3                                   **BACKGROUND**

4        Judge Butcher's R&R contains an accurate and thorough recitation of this case's

5  background, *see* R&R at 1–2, which this Order incorporates by reference.

6                                 **LEGAL STANDARD**

7        Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district

8  court's duties in connection with a magistrate judge's R&R.  The district court must "make

9  a de novo determination of those portions of the report or specified proposed findings or

10 recommendations to which objection is made," and "may accept, reject, or modify, in

11 whole or in part, the findings or recommendations made by the magistrate judge."

12 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980);

13 *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of

14 timely objections, the Court "need only satisfy itself that there is no clear error on the face

15 of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory

16 committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

17                                   **ANALYSIS**

18       No party filed timely objections to the R&R.  *See* R&R at 11 (allowing objections

19 to be filed on or before August 14, 2024).  The Court thus reviews the R&R for clear error.

20 **I.     Requests for Judicial Notice**

21       The Parties seek judicial notice of weather-related facts.  Defendant asks the Court

22 to judicially notice (1) the location of Richard J. Donovan Correctional Center (where the

23 alleged events took place); and (2) the temperature at the Center on May 21, 2023 (the date

24 in question).  *Id.* at 3 & n.3.  Defendant provides a "printout from www.almanac.com,"

25 indicating that it was between 57.9- and 71.1-degrees Fahrenheit that day.  *Id.* at 3–4.

26 Meanwhile, Plaintiff requests judicial notice of the UV Index rating for May 21, 2023, and

27 provides a "screenshot from the word-weather.info website" to that effect.  *Id.* at 4–5.

28 / / /

1   The R&R advises the Court to grant both Requests for Judicial Notice on the ground

2   that weather data, like temperatures and UV Index ratings, "can be accurately and readily

3   determined from sources whose accuracy cannot reasonably be questioned." *Id.* at 3–5

4   (quoting Fed. R. Evid. 201(b)).

5   **II.     Defendant's Motion to Dismiss**

6   Defendant moves to dismiss Plaintiff's Complaint ("Compl.," ECF No. 1)—which

7   brings claims under 42 U.S.C § 1983—on three grounds: "(1) it does not plead a

8   cognizable Eighth Amendment violation; (2) qualified immunity protects [Defendant]

9   from suit; and (3) [Defendant] is impermissibly sued in her official capacity." *Id.* at 3.  The

10  Court reviews the R&R's discussion of each issue in turn.

11  ***A.      Eighth Amendment Claim***

12  The R&R notes that pleading an Eighth Amendment conditions-of-confinement

13  claim requires a plaintiff to allege that "prison officials acted with deliberate indifference

14  to a substantial risk of serious harm," an element that has objective and subjective

15  components.  *Id.* at 5 (internal quotation marks omitted) (quoting *Frost v. Agnos*,

16  152 F.3d 1124, 1128 (9th Cir. 1998)).  The objective prong demands that "conditions of

17  confinement pose 'a substantial risk of serious harm.'"  *Id.* (quoting *Farmer v. Brennan*,

18  511 U.S. 825, 834 (1994)).  As to the subjective piece, a plaintiff "must prove the prison

19  official inflicted the deprivation with a 'sufficiently culpable state of mind,' that is, with

20  'deliberate indifference to [the plaintiff's] health or safety.'"  *Id.* at 7 (alteration in original

21  and one set of internal quotation marks omitted) (quoting *Farmer*, 511 U.S. at 834).

22  Defendant first argues the Complaint fails to satisfy the objective side of the Eighth-

23  Amendment equation.  *Id.* at 5.  Defendant allegedly caused Plaintiff to suffer a second-

24  degree burn by forcing him to sit on a metal bench in the sun, even though Plaintiff had

25  pointed out the burn risk to Defendant.  *See id.* at 6.  The R&R states that a "second-degree

26  burn is serious," and that the Complaint's allegations—if true—suffice to show Defendant

27  "created a substantial risk of that harm."  *Id.* (citing cases).  Defendant contends that the

28  purportedly mild temperature ("a high of 71 degrees") makes Plaintiff's version of events

1    implausible.  *Id.*  But, per the R&R, this argument cannot prevail at the pleading stage

2    given Plaintiff's allegations of prolonged sun exposure.  *See id.*  The R&R similarly rejects

3    another of Defendant's arguments—that Plaintiff was clothed and unrestrained—on the

4    ground that such issues of fact are not resolvable at the motion-to-dismiss stage.  *Id.*

5         Next, Defendant targets the test's subjective prong.  *See id.* at 7.  Defendant allegedly

6    "'ordered' [Plaintiff] to sit 'directly in the sun with no shade'" and "failed to abate" the

7    risk of sunburn even after Plaintiff said he was "'burn[ing] up' from the direct sun

8    exposure."  *Id.* at 7 (quoting Compl. at 3).  The R&R concludes these allegations suffice

9    for purposes of Federal Rule of Civil Procedure 12(b)(6) and advises the Court to deny the

10   Motion as to Plaintiff's Eighth Amendment claim.  *See id.*

11        ***B.      Qualified Immunity***

12        Additionally, Defendant asserts qualified immunity.  *See id.*  The R&R explains that

13   "[q]ualified immunity shields government actors from civil liability under 42 U.S.C.

14   § 1983 unless '(1) they violated a federal statutory or constitutional right, and (2) the

15   unlawfulness of their conduct was clearly established at the time.'"  *Id.* at 8 (one set of

16   internal quotation marks omitted) (quoting *D.C. v. Wesby*, 583 U.S. 48, 62–63 (2018)).

17   The R&R further notes that qualified immunity applies when existing precedent "squarely

18   governs" the facts at issue and "place[s] the statutory or constitutional question beyond

19   debate."  *Id.* (first quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018); and then quoting

20   *White v. Pauly*, 580 U.S. 73, 79 (2017)).

21        The R&R recommends denying Defendant's qualified immunity argument.  *See id.*

22   at 9.  Defendant allegedly subjected Plaintiff to sun exposure unnecessarily; she was

23   purportedly motivated by a desire to deprive Plaintiff of the chance to send a photograph

24   to his family, not by "penological or safety" concerns.  *Id.*  And, per the R&R, decades-old

25   decisions from both the Supreme Court and the Ninth Circuit clearly establish that such

26   conduct violates the Eighth Amendment.  *Id.* (first citing *Hope v. Pelzer*, 536 U.S. 730, 738

27   (2002); and then citing *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000)).  The R&R

28   also rejects Defendant's attempt to distinguish these authorities on the ground that the

1  Complaint alleges only "temporary deprivations," as Plaintiff claims the exposure lasted

2  long enough to cause a second-degree burn.  *Id.* at 9 n.4 (quoting Mem. at 6).

3    ### *C.    Plaintiff's Official Capacity Claim*

4    Finally, Defendant seeks to dismiss Plaintiff's "claim against her in her official

5  capacity."  *Id.*  Defendant argues said claim is barred by the Eleventh Amendment.  *See id.*

6  The R&R notes that "[a] suit against a state official in his or her official capacity . . . is no

7  different from a suit against the State itself," *id.* (quoting *Will v. Michigan Dep't of State*

8  *Police*, 491 U.S. 58, 71 (1989)), and that the "Eleventh Amendment bars suits for money

9  damages against states and their agencies under § 1983," *id.* at 10.  As Plaintiff—who is

10  suing Defendant in both her individual and official capacity—seeks compensatory

11  damages, and California has not waived its Eleventh Amendment immunity with respect

12  to § 1983 claims brought in federal court, the R&R concludes Plaintiff's official-capacity

13  claim is jurisdictionally barred.  *See id.*  The R&R further advises the Court to dismiss

14  Plaintiff's official capacity claim with prejudice because amendment could not cure the

15  above jurisdictional defect.[1]  *See id.*

16    The Court finds no clear error in the R&R.  Accordingly, the Court **ADOPTS** the

17  R&R and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

18    ### CONCLUSION

19    In light of the foregoing, the Court **ADOPTS** Judge Butcher's R&R (ECF No. 14),

20  **GRANTS** the Parties' respective Requests for Judicial Notice, and **GRANTS IN PART**

21  **AND DENIES IN PART** Defendant's Motion (ECF No. 8).  Plaintiff's official capacity

22  / / /

23  / / /

24

25

---

26  [1] Typically, dismissals for lack of subject matter jurisdiction should be without prejudice.  *See, e.g.,*
27  *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).  However, the Ninth Circuit
has found that an action can appropriately be dismissed with prejudice on Eleventh Amendment grounds
28  when providing leave to amend would be futile.  *See, e.g., Doe v. Regents of the Univ. of Cal.*,
891 F.3d 1147, 1153–54 & n.6 (9th Cir. 2018).

23-CV-1403 JLS (DEB)

1  § 1983 claim is thus **DISMISSED WITH PREJUDICE**; the Motion is otherwise

2  **DENIED**.

3      **IT IS SO ORDERED.**

4  Dated:  August 19, 2024

5      Hon. Janis L. Sammartino
   United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23-CV-1403 JLS (DEB)